**James E. PAUL, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

**No. 00–3366.**

United States Court of Appeals, Federal Circuit.

May 14, 2001.

Before LOURIE, SCHALL, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

James E. Paul petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. *Paul v. Dep't of the Navy,* 80 M.S.P.R. 174 (1998). Mr. Paul's position with the Navy was eliminated as part of a reduction in force ("RIF"), and he was appointed to a lower grade position. Mr. Paul seeks to retain his former grade and pay. Because Mr. Paul is not challenging the RIF directly, the Board properly dismissed his appeal for lack of jurisdiction. We therefore *affirm.*

## DISCUSSION

### I.

Mr. Paul was employed as Lead Firefighter, GS–07, at the Naval Air Station in Alameda, California. On December 10, 1996, he was notified that his position

would be eliminated as part of a RIF, necessitated by a scheduled downsizing and eventual, closing of the station. His separation from service was effective April 26, 1997. On April 22, 1997, as part of the Department of Defense Priority Placement Program, Mr. Paul was offered term employment as a Firefighter, GS–05, with the Naval Facilities Engineering Command in San Bruno, California. He accepted the offer and began work on April 29, 1997.

On August 31, 1997, Mr. Paul lodged an appeal with the Board, alleging that the Navy had not separated him and that he was entitled to retained grade and pay upon appointment to his position in San Bruno. The Navy responded that Mr. Paul was not entitled to retained grade and pay because there was a break in service between when he was separated from the station in Alameda and when he began work in San Bruno. Mr. Paul countered by arguing that there was no break in service, because he had been given "days off" that filled the gap of time between his two jobs. The administrative judge ("AJ") found that Mr. Paul had a break in service and that, consequently, his appointment to the position in San Bruno could not be considered the result of the RIF. The AJ dismissed Mr. Paul's appeal for lack of jurisdiction, without a hearing, in an initial decision on December 23, 1997.

Mr. Paul petitioned the full Board for review. The Board denied Mr. Paul's petition, but reopened the appeal to clarify the jurisdictional issue raised in the initial decision. Although it agreed with the AJ's ultimate conclusion of the appeal, the Board determined that the AJ's decision implied that the Board would have jurisdiction over Mr. Paul's appeal if he could prove that he had not experienced a break in service. The Board stated that, contrary to that implication, "the Board does not have freestanding authority to adjudicate the appellant's claim that the agency violated his retained grade and pay rights. Rather, the threshold issue is whether the appellant was affected by an appealable RIF action." *Paul,* 80 M.S.P.R. at 177. The Board noted that the AJ had not addressed the issue of whether Mr. Paul had been affected by an appealable RIF action, but instead had made jurisdiction hinge on whether he had a right to retained grade and pay due to a break in service. *Id.*

An appealable RIF demotion occurs when an employee is released from his position during a reorganization and assigned to a position carrying a lower grade and pay. 5 C.F.R. § 210.102(b)(4). A voluntary reassignment accepted by an employee to avoid the consequences of an impending RIF is not appealable. *Talley v. Dep't of the Army,* 50 M.S.P.R. 261, 263 (1991). The Board determined that Mr. Paul's current placement was a voluntary reassignment because his position in San Bruno was in a different competitive area than his former position in Alameda and, therefore, could not be the result of a RIF reassignment, even if Mr. Paul could prove that there had been no break in service. The Board held that, under either party's version of the facts, Mr. Paul had not alleged a RIF demotion over which the Board had jurisdiction. The Board thus affirmed the AJ's decision that it lacked jurisdiction to hear Mr. Paul's appeal. The Board did, however, invite Mr. Paul to file a new appeal in order to argue that his separation from his GS–07 position violated his RIF rights.

Mr. Paul filed a second appeal with the Board. On October 4, 1999, the AJ dismissed the second appeal for lack of jurisdiction, holding that the second appeal was merely a repetition of the first action. Instead of challenging the RIF demotion, the

AJ concluded that Mr. Paul was reiterating his claim of entitlement to retained grade and pay. On May 3, 2000, the full Board denied Mr. Paul's petition for review. The October 4, 1999 decision of the AJ thus became the final decision of the Board.

## II.

■ Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

■■ Mr. Paul argues that the Board erred because it "knew or should have known that the instant petitioner made nonfrivolous RIF demotion allegations, without a break in service." In fact, Mr. Paul characterized his contentions with the Navy as a "break in service material dispute." However, whether or not Mr. Paul experienced a break in service is not relevant to his current appeal. The Board possesses jurisdiction over RIF separations and demotions, 5 C.F.R. § 351.901, but lacks jurisdiction over reclassification actions alleging entitlement to grade and pay retention, unless the claim to grade and pay retention arises as a result of a RIF reclassification. *See Warfield v. Gen. Serv. Admin.*, 3 MSPB 328, 3 M.S.P.R. 233 n. 1 (1980). Mr. Paul has not alleged any facts demonstrating that he was ever placed under RIF procedures, however. While he argues that he was separated as a result of a RIF, he challenges the actions of his current employer, the Naval Facilities Engineering Command in San Bruno, not the actions of the Navy in the RIF, and he asserts that his current employer improperly refused to retain his former grade and pay.

We agree with the Board that "[t]he only matters raised by the appellant in his appeal are those relating to his entitlement to receive retained grade and pay after his acceptance of a term appointment pursuant to the agency's priority placement program." Because Mr. Paul failed to allege that any of his rights in connection with the RIF conducted at the Naval Air Station in Alameda were violated, the AJ correctly dismissed his appeal.

For the foregoing reasons, the decision of the Board is affirmed.

No costs.